874 F.2d 817
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eli CRAWFORD, Defendant-Appellant.
 No. 87-1306.
 United States Court of Appeals, Ninth Circuit.
 Submitted* June 22, 1988.
Decided April 28, 1989.
 Before FLETCHER, PREGERSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eli Crawford appeals from a conviction for escaping from federal custody in violation of 18 U.S.C. Sec. 751(a). Crawford contends that the district court erred by refusing to give his requested jury instruction on the necessity defense. Crawford asserts that a necessity defense instruction was appropriate because he escaped to prevent his drug dependent wife from committing suicide. We affirm.
 
 
 3
 Crawford was a federal prisoner housed at a Federal Bureau of Prisons halfway house in San Francisco. The conditions of his custody permitted him to leave the premises for certain specified periods with the permission of the staff. On December 26, 1986, Crawford left the facility with permission, to have breakfast. After receiving a number of requested extensions during the day, Crawford was listed as escaped one hour after he assured the halfway house director that he was nearby and would return immediately. On January 13, 1987, Crawford was arrested by the San Francisco Police on an unrelated charge. He was eventually identified and returned to federal custody. After being indicted and convicted of escaping from a federal facility in violation of 18 U.S.C. Sec. 751(a), Crawford filed this timely appeal.
 
 
 4
 We review a district court's failure to give a jury instruction de novo. United States v. Wagner, 834 F.2d 1474, 1486 (9th Cir.1987). In order to find a refusal to give an instruction erroneous we must determine that "the jury could rationally sustain the defense." United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984).
 
 
 5
 The Supreme Court set out the requirements for the defense of necessity to Sec. 751(a) in United States v. Bailey, 444 U.S. 394 (1980).
 
 
 6
 [I]n order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure ... [A]n indispensable element of such an offer is testimony of a bonafide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.
 
 
 7
 Id. at 412-13. The Supreme Court in Bailey emphasized that the defense must fail "if there was a reasonable, legal alternative to violating the law." Id. at 410.
 
 
 8
 Whether or not Crawford was justified in his initial departure from custody, we conclude that no rational jury could determine on the basis of the evidence presented that the coercive force of his wife's condition prevented Crawford from making arrangements to return to custody during the seventeen days between his departure and his capture. See Bailey, 444 U.S. at 412-13. Wilson's attempts to evade capture and to falsify his identity after his apprehension further negate his necessity defense. The trial court did not err in refusing to give the instruction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3